IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENNIE THOMPKINS, M.D.,

    Plaintiff,                               No. CIV S-08-2951 GEB DAD PS

    vs.

MEDICAL BOARD OF CALIFORNIA,

    Defendant.                          <u>ORDER</u>

/

        Plaintiff, proceeding pro se, has filed a complaint, a motion to file the complaint under seal and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding has been referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        A filing fee of $350.00 is required to commence a civil action in a federal district court. 28 U.S.C. § 1914(a). The court may authorize the commencement of an action without prepayment of the filing fee if a litigant submits an affidavit demonstrating inability to pay. 28 U.S.C. § 1915(a). Here, plaintiff is not currently employed, was last employed in 1993, and owns no property of value. However, plaintiff is supported by his wife, who earns approximately $40,000.00 per year. No persons are dependent on plaintiff for support. The undersigned finds that plaintiff's in forma pauperis application fails to demonstrate inability to pay the $350.00

filing fee. See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995); Alexander v. Carson Adult High Sch., 9 F.3d 1448, 1449 (9th Cir. 1993). Plaintiff's in forma pauperis application will be denied, and plaintiff will be granted thirty days to pay the filing fee in full.

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[1] "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)). Because of the presumptive lack of jurisdiction, a plaintiff's complaint is required to contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a). Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). The burden of establishing jurisdiction rests upon the party asserting jurisdiction. Kokkonen, 511 U.S. at 377.

Here, plaintiff claims federal question jurisdiction arising under 42 U.S.C. § 1983 "and other unnamed statutes." Plaintiff alleges that the California Medical Board violated his rights under the Equal Protection Clause of the Fourteenth Amendment in state administrative proceedings that resulted in the revocation of plaintiff's license to practice medicine. Plaintiff seeks an order vacating and setting aside the California Medical Board's decision to revoke his license, along with an order requiring the California Medical Board to notify all agencies previously notified of the license revocation that the revocation decision has been nullified and that all records should so reflect.

/////

---

[1] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution. U.S. Const. Art. III, § 2; 28 U.S.C. § 132; Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992).

1         The Civil Rights Act relied upon by plaintiff provides that

2         [e]very person who, under color of [state law] . . . subjects, or
causes to be subjected, any citizen of the United States . . . to the
3         deprivation of any rights, privileges, or immunities secured by the
Constitution . . . shall be liable to the party injured in an action at
4         law, suit in equity, or other proper proceeding for redress.

5 42 U.S.C. § 1983 (emphasis added). The sole defendant in this case is the California Medical

6 Board, which is part of the California Department of Consumer Affairs. See Cal. Bus. & Prof.

7 Code §§ 101 & 2001. It is well established that States and their departments, agencies and other

8 political subdivisions are not "persons" for purposes of 42 U.S.C. § 1983. Will v. Michigan

9 Dep't of State Police, 491 U.S. 58, 65-66, 70-71 (1989); Gilbreath v. Cutter Biological, Inc., 931

10 F.2d 1320, 1327 (9th Cir. 1991). For this reason, plaintiff may not proceed against the California

11 Medical Board under § 1983.

12         Although plaintiff's complaint refers to "other unnamed Statutes that apply to the

13 facts," the undersigned finds that the current complaint fails to meet plaintiff's burden of

14 establishing federal jurisdiction over this action. Plaintiff's complaint will therefore be

15 dismissed with leave to file an amended complaint that establishes a jurisdictional basis for

16 proceeding in federal court. See Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging

17 that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or

18 otherwise completely devoid of merit as not to involve a federal controversy within the

19 jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that

20 a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and

21 frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction ); Franklin

22 v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even "[a] paid complaint that is

23 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be

24 dismissed sua sponte before service of process.").

25         Finally, the court addresses plaintiff's motion to file his complaint under seal.

26 The only legal authority cited in plaintiff's motion is Local Rule 39-141(f). Although this rule

explains the procedure that must be used by a pro se party who wishes to submit a document for filing under seal, the rule does not provide a legal basis for sealing any document. Local Rule 39-141(b) expressly requires that any request to seal "shall set forth the statutory or other authority for sealing, the requested duration, and all other relevant information." Plaintiff has cited no authority for sealing his complaint. He merely asserts that he wishes to protect the reputations of and prevent embarrassment to persons described in his complaint as undercover informants who fabricated criminal charges against him. Plaintiff's complaint refers to each such person by her first name and the first initial of her last name. Plaintiff expresses concern, however, that "with enough diligence certain persons would be able to use information in the complaint to correctly decipher the identify [sic] of persons involved in this case."

In light of plaintiff's prudent use of incomplete names for the non-parties in question, the undersigned finds no reason to grant plaintiff's motion to file his complaint under seal. Plaintiff should adopt the same practice in any amended complaint he files. Plaintiff's motion to file his complaint under seal will be denied, and the Clerk will be directed to remove all restrictions on access to the documents in this case. See Local Rule 39-141(f) (providing that, if the pro se party's motion to seal is denied, then "access to the temporarily sealed documents shall be unrestricted").

Accordingly, IT IS ORDERED that:

1. Plaintiff's December 4, 2008 application to proceed in forma pauperis (Doc. No. 2) is denied;

2. Plaintiff is granted thirty days from the date of this order to submit the required filing fee of $350.00 to the Clerk of the Court;

3. Plaintiff's December 4, 2008 motion to file complaint under seal (Doc. No. 3) is denied, and access to the temporarily sealed documents in this case shall now be unrestricted;

4. The Clerk of the Court shall unseal this action;

5. Plaintiff's complaint is dismissed with leave to amend;

6. Any amended complaint shall be filed within thirty days after this order is filed; the amended complaint must bear the case number assigned to this case, must be titled "Amended Complaint," and must comply with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice;

7. Failure to timely pay the filing fee or failure to timely file an amended complaint will result in a recommendation that the assigned district judge dismiss this case without prejudice.

DATED: November 9, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\thompkins2951.ifpden.cmpldism

5